Michael T. Purcell, Esquire, Portland, OR, for Petitioner.

OIL, Julia Tyler, Esquire, Barry J. Pettinato, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Jesus Martin Ruiz–Ochoa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") order finding him removable. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a petitioner's right to counsel was violated. *Mendoza–Mazariegos v. Mukasey*, 509 F.3d 1074, 1079 (9th Cir.2007). We deny the petition for review.

Ruiz–Ochoa was not denied his right to counsel because he knowingly and voluntarily waived his right to counsel when he affirmatively asked the IJ to proceed with his bond determination without counsel af-

ter the IJ had offered to continue his hearing for a third time in order to secure counsel. *See Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir.2005) ("[A]n alien cannot appear pro se without a knowing a voluntary waiver of the right to counsel.").

## PETITION FOR REVIEW DENIED.

**Jesus Rodriguez ZENTENO; Juana Margarita Rodriguez; Mariano Rodriguez Moreno, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–75059.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 25, 2010.

Gregory J. Boult, Esquire, Gleckman & Sinder, Los Angeles, CA, for Petitioners.

John W. Blakeley, Esquire, James A. Hunolt, Esquire, Nicole N. Murley, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Jesus Rodriguez Zenteno, Juana Margarita Rodriguez, and Mariano Rodriguez Moreno, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand and dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and for abuse of discretion the denial of a motion to remand, *Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 874 (9th Cir.2003) (en banc). We deny the petition for review.

The BIA did not abuse its discretion in denying Petitioners' motion to remand due to ineffective assistance of counsel because they failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the ineffective assistance they allege is not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597–99 (9th Cir.2004). It follows that Petitioners' due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying Petitioners' motion to remand to introduce evidence because the BIA considered the evidence they submitted and acted within its broad discretion in determining that it was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**